FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 05, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CEILIA ALLEN O/B/O JESUS ARMEDARIZ (DECEASED),<br><br>        Plaintiff,<br><br>        v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>        Defendant. | No. 1:26-CV-3025-SAB<br><br>**ORDER REVERSING THE DECISION OF COMMISSIONER** |

Plaintiff brings this action seeking juridical review of the Commissioner of Social Security's final decision, denying Jesus Armedaris' application for social security benefits. Plaintiff is represented by D. James Tree. The Commissioner is represented by David Burdett and Joseph Derrig. Pending before the Court is Plaintiff's Opening Brief, ECF No. 8, and the Commissioner's Brief, ECF No. 15.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision and remands for an immediate award of benefits.

//

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 1**

## I.    Jurisdiction

In September 2019, Mr. Armendariz filed an application for disability insurance benefits and well as supplemental security income, alleging disability beginning May 1, 2018. His application was denied initially and on reconsideration. A hearing was held and the ALJ denied his application. Mr. Armendariz appealed to the Appeals Council, and it remanded in 2024.

A hearing was held in May 2025. Mr. Armendariz participated and was represented by D. James Tree. Vocational expert Michael Swanson also participated. The ALJ found Mr. Armendariz was not disabled

Plaintiff requested review by the Appeals Council, and it denied the request on February 3, 2026. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Mr. Armendariz filed a timely appeal with the United States District Court for the Eastern District of Washington on February 16, 2026. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).  Mr. Armendariz passed away on March 1, 2026. His daughter, Ceilia is pursuing this action on behalf of Mr. Armendariz.

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 2

Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1),

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 3

416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 4

ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the time of the hearing, Mr. Armendariz was forty. He stated that most times he was homeless and was sleeping in his car, unless he stayed at his mother's house. He was diabetic and took insulin. He struggled with fatigue. In 2023, he tried to return to work but he could not keep up because of his health and depression.

## V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 17-33.

At step one, the ALJ found that Mr. Armendariz did not engage in substantial activity, except there was a period of substantial gainful activity from July 1, 2023 through December 31, 2023. AR 20.

At step two, the ALJ identified the following severe impairments: alcoholic cardiomyopathy; congestive heart failure; chronic pain syndrome; chronic kidney disease; diabetes mellitus; obesity; depression; posttraumatic stress disorder; and social anxiety disorder. AR 20.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 5

At step three, the ALJ found Mr. Armendariz did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 21. Ultimately, the ALJ concluded that Mr. Armendariz had a residual function capacity ("RFC") to perform:

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: he can never climb ladders, ropes, or scaffolds; he can frequently climb ramps or stairs; he can occasionally kneel, crouch, or crawl; he can frequently handle and finger with his right upper extremity; he must avoid frequent exposure to hazards; he can understand, remember, and carry out simple, routine tasks; he can never perform tasks involving direct work with the public, but he can have incidental contact with the public; and he can have occasional interaction with coworkers and supervisors.

AR 23.

At step four, the ALJ found Mr. Armendariz was unable to perform any past relevant work. AR 31.

AT step five, the ALJ found there were jobs that exist in significant numbers in the national economy that Mr. Armendariz could perform, including housekeeper/cleaner, routing clerk and small products assembler. AR 33. Consequently, the ALJ found Mr. Armendariz was not disabled from May 1, 2028 through June 20, 2025. AR 33.

## VI.   Issues

1. Whether the ALJ properly addressed Mr. Armendariz's substantial gainful activity and whether he had an unsuccessful work attempt?
2. Whether the ALJ properly evaluated Listing 4.02?
3. Whether the ALJ erred by not giving some res judicata effect to the last ALJ decision's residual functional capacity (RFC)?
4. Whether the ALJ properly assessed Mr. Armendariz's testimony?
5. Whether the ALJ properly assessed the medical opinions?

## VII.   Discussion

In its responsive brief, the Commissioner agreed that the ALJ erred but

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 6

argued a remand for further proceedings was appropriate because there were conflicts in the evidence that only the ALJ can resolve. It argued Mr. Armendariz's inconsistent statements and his activities of greater functioning than he alleged make it questionable whether he was actually disabled during the period at issue.

The Commissioner's position is not well taken. First, the ALJ erred in computing Mr. Armendariz's substantial gainful activity. Rather, pursuant to regulations, this six-month period should have been considered an unsuccessful work attempt. Mr. Armendariz testified he stopped working due to his physical and mental health, stating his employer did not want him there because he could not do what they were asking him to do. He was told to leave, he was not meeting expectations, he was always sick, he could not think right or keep up, he was calling out, and he was mentally exhausted.

Second, the record demonstrates that Mr. Armendariz met Listing 4.02. Here, the ALJ did nothing more than state 4.02A and 4.02B criteria were not met and added a string-citation. Listing 4.02 requires a claimant to have chronic heart failure and meet A and B criteria while on a regimen of prescribed treatment, with symptoms and signs described in Listing 4.00D(2) such as easy fatigue, weakness, cough, shortness of breath, chest discomfort, and other such symptoms. The record demonstrates that Mr. Armendariz experienced these symptoms. Listing 4.02A(1) is then met with systolic failure with a left ventricular end diastolic dimensions greater than 6.0 cm during a time of stability. The record demonstrates that Mr. Armendariz met this requirement. Listing 4.02B(3)(a) is then met if a claimant cannot perform an exercise tolerance test or 5 METs or less due to dyspnea, fatigue, palpitations, or chest discomfort. The record demonstrates Mr. Armendariz met this requirement. As such, because the record demonstrates that Mr. Armendariz met Listing 4.02, the ALJ erred in concluding otherwise.

Notably, the Commissioner did not argue that Mr. Armendariz did not meet the Listing. Rather, it simply stated that a mere diagnosis of a Listing level

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 7

impairment is not sufficient. In this case, however, there is not a mere diagnosis. Objective evidence in the record demonstrates that Mr. Armendariz met Listing 4.02. As such, remand for benefits is the appropriate remedy.

Additionally, the Commissioner did not address Plaintiff's argument that the ALJ did not provide sufficient bases to discount the disabling medical opinions. In 2018 and 2019, Dr. Norris opined Mr. Armendariz was unable to complete even sedentary work due to his heart disorder, which is disabling at onset as there is no exertional level below sedentary. In 2020, T. Genthe, Ph.D., assessed up to marked ("very significant") limitations in several basic work activities, including completing a normal workday or week. M. Mitchell, Ph.D., agreed with this limitation on review. D. Morgan, Ph.D., reached similar findings in 2022 (although also finding marked limitations in maintaining attendance), which R. Eisenhauer, Ph.D., concurred with on review in 2024. Lastly, in July 2020, T. Wingate, Ph.D., opined Mr. Armendariz would have difficulty sustaining attention to tasks throughout a daily or weekly work schedule without interruption. The ALJ erred in evaluating these medical opinions because these opinions are supported and consistent with the longitudinal record.

Finally, the Commissioner did not address the failure of the ALJ to give *res judicata* effect to the last ALJ's RFC without explanation. In April 2018, the prior ALJ determined that Mr. Armendariz had numerous RFC limitations, including a restriction to sedentary work. Here, despite concluding that Mr. Armendariz had new severe physical and mental disorders, the ALJ found Mr. Armendariz had less restrictions and could perform light work. Moreover, the record demonstrates that Mr. Armendariz was not capable of light work.

### VII.  Conclusion

Because the ALJ erred in failing to find that Mr. Armendariz met Listing 4.02, and failing to properly evaluate the medical opinions, which if credited as true would require a finding of disability, remand is appropriate for an immediate

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 8

award of benefits. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). The record demonstrates that Mr. Armendariz was disabled since May,1, 2018, the alleged onset date.

Accordingly, **IT IS HEREBY ORDERED:**

1.      For court management purposes, Plaintiff's Opening Brief, ECF No. 8, is **GRANTED**.

2.      For court management purposes, the Commissioner's Brief, ECF No. 15, is **DENIED**.

3.      The decision of the Commissioner is reversed and remanded for an immediate award of benefits.

4.      Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 5th day of August 2026.



_____
Stan Bastian
Chief United States District Judge

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 9